No. 604
FOUTS v. STATE
No. 19091. Supreme Court.
On motion to certify. Dock. April 23, 1925. 3 Abs. 278.

109. ASSOCIATIONS—Does protective association organized in one county have jurisdiction to operate in another? Interpretation of 10202 GC?

225. CHARGE TO JURY—Can court make statement to jury, apprising it of status of defendant, said status to be determined by jury in course of its deliberations?

A. H. Fouts was indicted, under 12860 GC. for the alleged offense of impersonating an officer and was convicted in the Perry Common Pleas, being fined $100 and sentenced to six months in the workhouse. On error the Court of Appeals, by a divided court, affirmed the Common Pleas.

It seems that a machine in which a party of men were driving on what is known as Millertown Hill, collided with a motorcycle on which a boy was riding. The party was intoxicated and after the collision the car was stopped in front of a church, and, it was alleged, that the party of men began to swear and curse and made such loud noise as to disturb the people attending church.

Fouts was called to arrest the young men, and Fouts, who held a membership in the Athens County Protective Association, did so, turning them over to a constable who took them before the Mayor of Shawnee and before whom Fouts filed an affidavit against them for intoxication and disturbing a religious meeting, and in signing his name to the affidavit Fouts added the words "Ohio Police." A fine was imposed upon the party and there was no evidence at that time that Fouts had falsely represented himself as being a police officer.

In bringing the case to the Supreme Court, Fouts contends that the court in charging the jury in effect directed them to find him guilty by such statements as, "The court will simply tell the jury that Fouts' plea amounts to a plea of guilty." (He had pleaded not guilty) and "that he impersonated an officer, no dis-

pute about it." It is contended that the court invaded the province of the jury.

It is claimed that the court erred in charging that the Athens County Protective Association had no authority or jurisdiction to operate in Perry County. Fouts claimed that the organization was incorporated under 10200 to 10206 GC., and that the Court erred in not admitting his certificate of membership and in refusing to admit a copy of the constitution and by-laws of the Association. It is maintained that there was no evidence in the case tending to show that he falsely represented himself to be a police officer.

Attorneys—T. B. Williams, for Fouts; J. W. Dugan and Vincent Tague, for State; all of New Lexington.